IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LORENZO SPELLMAN, )
 )
    Petitioner, )
 )
v. ) Civil Action No. 3:15CV458–HEH
 )
ERIC D. WILSON, )
 )
    Respondent. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Lorenzo Spellman, a federal prisoner proceeding *pro se*, filed this 28 U.S.C. § 2241 petition. ("§ 2241 Petition, ECF No. 1.) By Memorandum Order entered on August 20, 2015, the Court directed Spellman to return an *in forma pauperis* affidavit and the standardized form for filing a § 2241 petition within eleven days of the date of entry thereof.[1] Spellman failed to return the forms or otherwise respond to the Memorandum Order within eleven days. Accordingly, on October 6, 2015, more than a month after the expiration of the time for Spellman to respond, the Court dismissed the action without prejudice because Spellman failed to complete and return the standardized form for filing a § 2241 petition. (ECF Nos. 5–6.)

On October 26, 2015, the Court received from Spellman, a "MOTION TO RECALL MANDATE AND RECONSIDER" that the Court construes as a motion

---

[1] Spellman originally sent in the standardized form for filing a § 2241 petition, however, he made little effort to include the facts that made his detention unlawful on the standardized form.

pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 7), with an accompanying *in forma pauperis* affidavit. *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 278 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Spellman apparently argues that Rule 59(e) relief should be granted to prevent manifest injustice. Spellman's argument makes little sense. He first contends that he included a standardized § 2241 form and *in forma pauperis* affidavit with his initial filing and a printout from his commissary account. (Rule 59(e) Mot. ¶¶ 2–3.)[2] Spellman indicates:

> 4) About four weeks later this Court's Clerk notified Spellman he must send an application to proceed *in forma pauperis* with a printout of his inmate account.
> 5) Even though this information on correct forms had already been provided to the Court[,] Spellman repeated the process and again mailed the necessary paperwork.
> 6) Spellman has received NOTHING else from the Court or the Court's Clerk. No orders to provide standardized forms or any other documents.

---

[2] The Court notes that the August 20, 2015 Memorandum Order conditionally filing the action directed the Clerk to obtain an official copy of Spellman's inmate account from the institution, not Spellman.

2

> 7) Such an order would have gained instant attention as the forms requested by the Court were already provided. Spellman probably would have resent the forms with a note to the Court that these forms were previously mailed to the Court with the original filing.

(*Id.* ¶¶ 4–7 (spacing corrected).) Spellman admits that he received the Court's August 20, 2015 Memorandum Order, which was the only order from the Court. The August 20, 2015 Memorandum Order instructed Spellman to complete and return both the *in forma pauperis* affidavit and the standardized form for filing a § 2241 petition. The Clerk mailed the standardized form for filing a § 2241 petition with the Memorandum Order. Thus, Spellman's statement that he never received an order directing him to complete and return the standardized form for filing a § 2241 petition is simply not true.

Moreover, the Court never received from Spellman the standardized form for filing a § 2241 petition and the *in forma pauperis* affidavit in response to the August 20, 2015 Memorandum Order. Nevertheless, the Court waited more than a month after the expiration of the eleven days Spellman had to return his forms before dismissing the action. During that time Spellman made no inquiry into the status of the action. Spellman, however, promptly responded to the Memorandum Opinion and Order dismissing his action. Spellman fails to demonstrate that reopening his case is necessary to prevent manifest injustice or any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly."). Accordingly, Spellman's Rule 59(e) Motion will be denied.

Nevertheless, because Spellman clearly desires to continue to pursue the action, the Court will DIRECT the Clerk to refile Spellman's § 2241 Petition (ECF No. 7-1) as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: March 11, 2016
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE